986 So.2d 576 (2008)
In re AMENDMENTS TO the FLORIDA PROBATE RULES.
No. SC08-1256.
Supreme Court of Florida.
July 10, 2008.
Frank T. Pilotte, Chair, Florida Probate Rules Committee, Palm Beach, Florida, and John F. Harkness, Jr., Executive Director, The Florida Bar, and J. Craig Shaw, Staff Liaison, Tallahassee, Florida, for Petitioner.
PER CURIAM.
The Florida Bar's Probate Rules Committee (Committee) has filed a "Fast-Track Amendments Report." The Committee proposes amendments that conform the rules to recent legislation. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
The Committee states that the proposals are based on the Legislature's passage of chapter 2008-125, Laws of Florida, and specifically the revisions to section 393.12, Florida Statutes, "Capacity; appointment of guardian advocate." The legislation addresses various responsibilities and requirements regarding guardian advocates for persons with developmental disabilities. The legislation became effective on July 1, 2008.
Pursuant to the "fast-track" procedure for considering new legislation, the Committee proposes amendments to rules 5.015 (General Definitions), 5.030 (Attorneys), 5.040 (Notice), 5.050 (Transfer of Proceedings), 5.120 (Administrator Ad Litem and Guardian Ad Litem), 5.540 (Hearings), 5.541 (Recording of Hearings), 5.620 (Inventory), 5.625 (Notice of Completion of Guardian Education Requirements), 5.640 (Continuance of Unincorporated Business or Venture of Ward), 5.650 (Resignation or Disqualification of Guardian; Appointment of Successor), 5.660 (Proceedings for Removal of Guardian), 5.680 (Termination of Guardianship), and 5.720 (Court Monitor). Further, the Committee proposes new rules 5.649 (Guardian Advocate), regarding the capacity and appointment of a guardian advocate, and 5.681 (Restoration of Rights of Person with Developmental Disability), establishing procedural guidelines in response to amendments to section 393.12, Florida Statutes. The Executive Committee of the Florida Bar Board of Governors approved the proposals by a vote of 9-0.
In addition, the Committee has revised Committee Notes to include statutory and rule references to the applicable guardian advocate statutes and rules, or to add commentary, but did not propose changes to the text of the rules that contain those Notes. The Committee Notes to the following rules are amended in this manner: 5.020, 5.025, 5.041, 5.042, 5.110, 5.150, 5.590, 5.600, 5.610, 5.630, 5.635, 5.646, 5.647, 5.670, 5.700, 5.705, 5.725, and 5.900.
After considering the Committee's proposals and reviewing the relevant legislation, we amend the rules as set forth in the *577 appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The Committee Notes are included for explanation and guidance only and are not adopted as an official part of the rules. These amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.

APPENDIX

RULE 5.015. GENERAL DEFINITIONS
(a) General. The definitions and rules of construction stated or referred to in sections 1.01 and 393.12, Florida Statutes, and chapters 731, 732, 733, 734, 735, 736, 738, 739, and 744, Florida Statutes, as amended from time to time, shall apply to these rules, unless otherwise defined in these rules.
(b) Specific Definitions. When used in these rules
(1)  (3)[No Change]
(4) "judge" means a judge of the circuit court, including any judge elected, appointed, substituted, or assigned to serve as judge of the court;
(5) "guardian advocate" means a person appointed for a person with a developmental disability pursuant to section 393.12, Florida Statutes;
(6) "guardian means" a person appointed pursuant to chapter 744, Florida Statutes, or a guardian advocate unless a rule indicates otherwise;
(7) "ward" means an individual for whom a guardian is appointed.

Committee Notes

Rule History
1977 Revision: No change in rule. Correction of typographical error in committee note.
This is intended to simplify drafting of these rules and should be liberally construed. See Fla. Prob. R. 5.190 and 5.540 and also §§ 731.201 and 744.102, Fla. Stat.
1988 Revision: Rule was expanded due to deletion of rule 5.190. Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Citation form changes in rule and committee notes.
2000 Revision: Subdivision (b)(2) amended to delete outdated reference to rule 5.550(c).
2007 Revision: Subdivision (a) amended to add reference to chapter 736, Florida Statutes, which was added to the statutes effective July 1, 2007 and which replaces deleted chapter 737, and to add reference to chapter 739, Florida Statutes, which was added effective July 1, 2005. Committee notes revised.
*578 2008 Revision: Subdivision (a) amended to add reference to section 393.12, Florida Statutes, which governs guardian advocates for persons with developmental disabilities. As provided by section 744.102(11), the term "guardian advocate" as used in the Florida Guardianship Law and these rules does not include a guardian advocate appointed for a person determined to lack capacity to consent to treatment under section 394.4598, Florida Statutes. Subdivisions (b)(5) through (b)(7) added to reflect 2008 amendments to section 393.12, Florida Statutes. Committee notes revised.

Statutory References
§ 1.01, Fla. Stat. Definitions.
§ 393.063, Fla. Stat. Definitions.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.201, Fla. Stat. General definitions.
§ 736.0103, Fla. Stat. Definitions.
§ 738.102, Fla. Stat. Definitions.
§ 739.102, Fla. Stat. Definitions.
§ 744.102, Fla. Stat. Definitions.

RULE 5.020. PLEADINGS; VERIFICATION; MOTIONS
(a)-(e) [No Change]

Committee Notes
The time for determining when a motion for rehearing must be served has been clarified in view of Casto v. Casto, 404 So.2d 1046 (Fla.1981).

Rule History
1977 Revision: Editorial change (rule) and expansion of committee note. Subdivisions (a), (b), and (d) substantially the same as subdivisions (a), (b), and (f) of prior rule 5.030. Subdivision (c) taken from section 731.104, Florida Statutes. For adversary proceedings see new rule 5.025. Notice of administration is not a pleading within the meaning of this rule.
1980 Revision: Subdivisions (c) and (d) have been redesignated as (e) and (f). New subdivisions (c) and (d) are added to provide for the use of motions in probate proceedings other than adversary proceedings and to specifically authorize a procedure for rehearing.
1984 Revision: Minor editorial changes. Subdivision (f) of prior rule has been deleted as it is now covered under the adversary rules.
1988 Revision: Editorial change in caption of (a). Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in rule and committee notes.
2003 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.104, Fla. Stat. Verification of documents.
§ 731.201, Fla. Stat. General definitions.
§ 733.202, Fla. Stat. Petition.
§ 733.604(1), Fla. Stat. Inventory.
§ 733.901, Fla. Stat. Final discharge.
§ 735.203, Fla. Stat. Petition for summary administration.
§ 744.104, Fla. Stat. Verification of documents.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
*579 § 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.

Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.200 Petition for administration.
Fla. Prob. R. 5.205(b) Filing evidence of death.
Fla. Prob. R. 5.320 Oath of personal representative.
Fla. Prob. R. 5.330 Execution by personal representative.
Fla. Prob. R. 5.350 Continuance of unincorporated business or venture.
Fla. Prob. R. 5.370(a) Sales of real property where no power conferred.
Fla. Prob. R. 5.405(b) Proceedings to determine homestead real property.
Fla. Prob. R. 5.530 Summary administration.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.600 Oath.
Fla. Prob. R. 5.649 Guardian advocate.

RULE 5.025. ADVERSARY PROCEEDINGS
(a)  (d) [No Change]

Committee Notes
The court on its initiative or on motion of any party may order any proceeding to be adversary or nonadversary or enter any order that will avoid undue delay. The personal representative would be an interested person in all adversary proceedings. A prescribed form for the caption is provided that will facilitate the clerks and the courts ability to segregate such adversary proceeding from other adversary proceedings and from the main probate file:
 Court
 Case #
In Re Estate of John B. Jones
Julia Jones,
Petitioner,
v.
Harold Jones, as Personal
Representative, et al.,
Respondents.

Rule History
1975 Revision: New rule. 324 So.2d 38.
1977 Revision: Editorial changes to (a)(1).
1984 Revision: Extensive changes, Committee notes revised and expanded.
1988 Revision: Changes in (a) add proceedings to remove a guardian and to surcharge a guardian to the list of specific adversary proceedings and delete proceedings to determine and award the elective share from the list. Change in (b)(4) clarifies on whom the petitioner must serve formal notice. Editorial change in (d)(2) and (d)(5). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Deletion of (b)(3) as unnecessary. Former (b)(4) renumbered as new (b)(3). Committee notes revised. Citation form changes in committee notes.
2001 Revision: Change in (a) to add determination of amount of elective share and contribution as specific adversary proceedings. Committee notes revised.
2003 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
*580 §§ 732.201-732.2155, Fla. Stat. Elective share of surviving spouse.
§ 732.301, Fla. Stat. Pretermitted spouse.
§ 732.302, Fla. Stat. Pretermitted children.
§ 732.507, Fla. Stat. Effect of subsequent marriage, birth, adoption, or dissolution of marriage.
§§ 732.6005-732.611, Fla. Stat. Rules of construction.
§ 733.105, Fla. Stat. Determination of beneficiaries.
§ 733.107, Fla. Stat. Burden of proof in contests; presumption of undue influence.
§ 733.109, Fla. Stat. Revocation of probate.
§ 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.
§ 733.208, Fla. Stat. Discovery of later will.
§ 733.504, Fla. Stat. Removal of personal representative; causes for removal.
§ 733.505, Fla. Stat. Jurisdiction in removal proceedings.
§ 733.506, Fla. Stat. Proceedings for removal.
§ 733.5061, Fla. Stat. Appointment of successor upon removal.
§ 733.603, Fla. Stat. Personal representative to proceed without court order.
§ 733.609, Fla. Stat. Improper exercise of power; breach of fiduciary duty.
§ 733.619(2), (4), Fla. Stat. Individual liability of personal representative.
§ 733.814, Fla. Stat. Partition for purpose of distribution.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.474, Fla. Stat. Reasons for removal of guardian.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.

Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.270 Revocation of probate.
Fla. Prob. R. 5.360 Elective share.
Fla. Prob. R. 5.365 Petition for dower.
Fla. Prob. R. 5.440 Proceedings for removal.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.660 Proceedings for removal of guardian.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Civ. P. 1.140 Defenses.
Fla. R. Civ. P. 1.160 Motions.
Fla. R. Civ. P. 1.200 Pretrial procedure.
Fla. R. Civ. P. 1.280 General provisions governing discovery.
Fla. R. Civ. P. 1.290 Depositions before action or pending appeal.
Fla. R. Civ. P. 1.310 Depositions upon oral examination.
Fla. R. Civ. P. 1.340 Interrogatories to parties.
Fla. R. Civ. P. 1.380 Failure to make discovery; sanctions.

RULE 5.030. ATTORNEYS
(a) Required; Exception. Every guardian and every personal representative, unless the personal representative remains the sole interested person, shall be represented by an attorney admitted to practice in Florida. A guardian or personal representative who is an attorney admitted to practice in Florida may represent himself or herself as guardian or personal representative. A guardian advocate is *581 not required to be represented by an attorney unless otherwise required by law or the court.
(b)  (c) [No Change]

Committee Notes
The appearance of an attorney in an estate is a general appearance unless (i) specifically limited at the time of such appearance or (ii) the court orders otherwise. This rule does not affect the right of a party to employ additional attorneys who, if members of The Florida Bar, may appear at any time.

Rule History
1975 Revision: Subdivision (a) is same as prior rule 5.040 with added provision for withdrawal of attorney similar to Florida Rule of Appellate Procedure 2.3(d)(2). Subdivision (b) reflects ruling in case of State ex rel. Falkner v. Blanton, 297 So.2d 825 (Fla.1974).
1977 Revision: Editorial change requiring filing of petition for withdrawal and service of copy upon interested persons. Editorial change in citation forms in rule and committee note.
1984 Revision: Minor editorial changes and addition of subdivision (c). Committee notes expanded.
1988 Revision: Editorial changes and order of subdivisions rearranged. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: Committee notes revised.
2006 Revision: Committee notes revised.
2008 Revision: Subdivision (a) amended to reflect that a guardian advocate may not be required to be represented by an attorney in some instances. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.301, Fla. Stat. Notice.
§ 733.106, Fla. Stat. Costs and attorneys fees.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 744.108, Fla. Stat. Guardians and attorneys fees and expenses.
§ 744.3085, Fla. Stat. Guardian advocates.

Rule References
Fla. Prob. R. 5.041(b) Service of pleadings and papers.
Fla. Prob. R. 5.110(b), (c) Resident agent.
Fla. R. Jud. Admin. 2.505 Attorneys.
Fla. R.App. P. 9.440 Attorneys.

RULE 5.040. NOTICE
(a) Formal Notice.
(1)  (2) [No Change]
(3) Formal notice shall be served:
(A) by sending a copy by any commercial delivery service requiring a signed receipt or by any form of mail requiring a signed receipt as follows:
(i) to the attorney representing an interested person; or
(ii) to an interested person who has filed a request for notice at the address given in the request for notice; or
(iii) to an incapacitated person or a person with a developmental disability to the persons usual place of abode and to the *582 persons legal guardian, if any, at the guardians usual place of abode or regular place of business; or, if there is no legal guardian, to the incapacitated person or person with a developmental disability at the persons usual place of abode and on the person, if any, having care or custody of the incapacitated person or person with a developmental disability at the usual place of abode or regular place of business of such custodian; or
(iv) to a minor whose disabilities of nonage are not removed, by serving the persons designated to accept service of process on a minor under chapter 48, Florida Statutes; or
(v) on any other individual to the individuals usual place of abode or to the place where the individual regularly conducts business; or
(vi) on a corporation or other business entity to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided in the Florida Rules of Civil Procedure for service of process; or
(C) as otherwise provided by Florida law for service of process.
(4)  (5) [No Change]
(b)  (d) [No Change]

Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.
Reference in this rule to the terms "mail" or "mailing" refers to use of the United States Postal Service.

Rule History
1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 amendment to section 731.301(1), Florida Statutes. Editorial changes.
2001 Revision: Editorial changes in subdivision (a)(3)(A) to clarify requirements for service of formal notice.
2003 Revision: Committee notes revised.
*583 2005 Revision: Subdivision (a)(3)(A) amended to delete requirement of court approval of commercial delivery service.
2006 Revision: Committee notes revised.
2007 Revision: Committee notes revised.
2007 Revision: New subdivision (a)(3)(A)(iv) inserted in response to Cason ex rel. Saferight v. Hammock, 908 So.2d 512 (Fla. 5th DCA 2005), and subsequent subdivisions renumbered accordingly. Committee notes revised.
2008 Revision: Subdivision (a)(3)(A)(iii) revised to include "person with a developmental disability." Committee notes revised.

Statutory References
§ 1.01(3), Fla. Stat. Definitions.
ch. 48, Fla. Stat. Process and service of process.
ch. 49, Fla. Stat. Constructive service of process.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(18), (22), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representatives right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Final discharge.
ch. 743, Fla. Stat. Disability of nonage of minors removed.
§ 744.106, Fla. Stat. Notice.
§ 744.301, Fla. Stat. Natural guardians.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.

Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Jud. Admin. 2.505 Attorneys.
Fla. R. Civ. P. 1.070 Process.
Fla. R. Civ. P. Form 1.902 Summons.

*584 RULE 5.041. SERVICE OF PLEADINGS AND PAPERS
(a)  (g) [No Change]

Committee Notes
Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedents estate.

Rule History
1984 Revision: New rule. Subdivision (c) is same as former rule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (b) amended to allow service to be made by facsimile. Committee notes revised.
2000 Revision: Subdivision (b) amended to clarify requirements for service of pleadings and papers. Subdivision (e) amended to clarify date of filing. Editorial changes in subdivision (f).
2003 Revision: Committee notes revised.
2005 Revision: Changes in subdivisions (b) and (f) to clarify service requirements, and editorial changes in (e).
2006 Revision: Committee notes revised.
2007 Revision: Provisions regarding service on a minor added in subdivision (b) in response to Cason ex rel. Saferight v. Hammock, 908 So.2d 512 (Fla. 5th DCA 2005). Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
ch. 39, Fla. Stat. Proceedings relating to children.
ch. 48, Fla. Stat. Process and service of process.
ch. 61, Fla. Stat. Dissolution of marriage; support; custody.
ch. 63, Fla. Stat. Adoption.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.705(2), (4), Fla. Stat. Payment of and objection to claims.
ch. 743, Fla. Stat. Disability of nonage of minors removed.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla. Stat. Petition for authorization to act.
ch. 751, Fla. Stat. Temporary custody of minor children by extended family.

Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
*585 Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.340(d) Inventory.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. R. Civ. P. 1.080 Service of pleadings and papers.
Fla. R. Jud. Admin. 2.505 Attorneys.

RULE 5.042. TIME
(a)  (d) [No Change]

Committee Notes
This rule is derived from Florida Rule of Civil Procedure 1.090.

Rule History
1984 Revision: New rule.
1988 Revision: Editorial changes in (a) and (b). Subdivision (a) enlarged to include closing of the clerks office as a legal holiday. In Clara P. Diamond, Inc. v. Tam-Bay Realty, Inc., 462 So.2d 1168 (Fla. 2d DCA 1984), the Second District Court of Appeal suggested that Florida Rule of Civil Procedure 1.090(b) be clarified to leave no question that the court may not extend the time for rehearing, appeal, or petition for certiorari regardless of whether a request to enlarge the time therefor was made before the expiration of the time allowed. Because the format of rule 5.042(b) was substantially the same as the format of rule 1.090(b), subdivision (b) is amended to conform for the sake of clarity. Committee notes revised.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2005 Revision: Subdivision (d) amended to clarify exception to mailing rule for service of formal notice and service in the manner provided for service of formal notice. Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 683.01, Fla. Stat. Legal holidays.
§ 731.301, Fla. Stat. Notice.
§ 732.107, Fla. Stat. Escheat.
§ 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
§ 732.402, Fla. Stat. Exempt property.
§ 732.801(5), Fla. Stat. Disclaimer of interests in property passing by will or intestate succession or under certain powers of appointment.
§ 732.901, Fla. Stat. Production of wills.
§ 733.104, Fla. Stat. Suspension of statutes of limitation in favor of the personal representative.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2121, Fla. Stat. Notice to creditors; filing of claims.
§ 733.701, Fla. Stat. Notifying creditors.
§ 733.702, Fla. Stat. Limitations on presentation of claims.
§ 733.705, Fla. Stat. Payment of and objection to claims.
§ 733.710, Fla. Stat. Limitations on claims against estates.
*586 § 733.816, Fla. Stat. Disposition of unclaimed property held by personal representatives.
§ 744.3085, Fla. Stat. Guardian advocates.

Rule References
Fla. Prob. R. 5.040(a)(1) Notice.
Fla. Prob. R. 5.150 Order requiring accounting.
Fla. Prob. R. 5.240 Notice of administration.
Fla. Prob. R. 5.241 Notice to creditors.
Fla. Prob. R. 5.340(a)  (b) Inventory.
Fla. Prob. R. 5.345 Accountings other than personal representatives final accountings.
Fla. Prob. R. 5.395 Notice of federal estate tax return.
Fla. Prob. R. 5.400 Distribution and discharge.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. Prob. R. 5.700 Objection to guardianship reports.
Fla. R. Civ. P. 1.090 Time.

RULE 5.050. TRANSFER OF PROCEEDINGS
(a) [No Change]
(b) Change of Residence of Ward. When the residence of a ward is changed to another county, the guardian of the person or the guardian advocate shall have the venue of the guardianship changed to the county of the acquired residence.

Committee Notes
Subdivision (b) of this rule represents a rule implementation of the procedure found in section 744.202(3), Florida Statutes.

Rule History
1975 Revision: Same as section 733.101(3), Florida Statutes.
1977 Revision: Title changed to indicate that the rule is one dealing with transfer.
1988 Revision: Prior rule renumbered as (a). New (b) is rule implementation of procedure in section 744.202(2), Florida Statutes. Editorial changes. Committee notes expanded. Citation form changes in rule and committee notes.
1991 Revision: Editorial changes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2008 Revision: Change in (b) to add reference to guardian advocate. Committee notes revised.

Statutory References
ch. 47, Fla. Stat. Venue.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 733.101, Fla. Stat. Venue of probate proceedings.
§ 744.106, Fla. Stat. Notice.
§ 744.201, Fla. Stat. Domicile of ward.
§ 744.202, Fla. Stat. Venue.
§ 744.2025, Fla. Stat. Change of wards residence.
§ 744.306, Fla. Stat. Foreign guardians.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.3201, Fla. Stat. Petition to determine incapacity.

Rule References
Fla. Prob. R. 5.200(d) Petition for administration.
Fla. Prob. R. 5.240(b)(3), (d) Notice of administration.
Fla. Prob. R. 5.649 Guardian advocate.
*587 Fla. R. Civ. P. 1.060 Transfers of actions.

RULE 5.110. ADDRESS DESIGNATION FOR PERSONAL REPRESENTATIVE OR GUARDIAN; DESIGNATION OF RESIDENT AGENT AND ACCEPTANCE
(a)  (g) [No Change]

Committee Notes

Rule History
1977 Revision: Change in committee note to conform to statutory renumbering.
Substantially the same as prior rule 5.210, except that under prior rule, designation was required to be filed within 10 days after letters issued.
1984 Revision: Captions added to subdivisions. New subdivision (b) added. Requires filing acceptance at the same time as filing designation. Committee notes revised.
1988 Revision: Change in (c) to clarify that the personal representative, if a member of The Florida Bar, may not also serve as resident agent for service of process or notice. Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2000 Revision: Extensive editorial changes to rule. Rule reformatted for clarity and revised to permit an attorney serving as resident agent to designate a business address in lieu of a residence address.
2003 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Rule References
Fla. Prob. R. 5.200 Petition for administration.
Fla. Prob. R. 5.320 Oath of personal representative.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.649 Guardian advocate.

RULE 5.120. ADMINISTRATOR AD LITEM AND GUARDIAN AD LITEM
(a) Appointment. When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, or the personal representative or guardian is or may be interested adversely to the estate or ward, or is enforcing the personal representatives or guardians own debt or claim against the estate or ward, or the necessity arises otherwise, the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. At any point in a proceeding, a court may appoint a guardian ad litem to represent the interests of an incapacitated person, an unborn or unascertained person, a minor or any other person otherwise under a legal disability, a person with a developmental disability, or a person whose identity or address is unknown, if the court determines that representation of the interest otherwise would be inadequate. If not precluded by conflict of interest, a guardian ad litem may be appointed to represent several persons or interests. The administrator ad litem or guardian ad litem shall file an oath to discharge all duties faithfully and upon the filing shall be qualified to act. No process need be served upon the administrator ad litem or guardian ad litem, but such person shall appear and defend as directed by the court.
(b) Petition. The petition for appointment of a guardian ad litem shall state to *588 the best of petitioners information and belief:
(1) the name and residence address of each minor, person with a developmental disability, or incapacitated person and birth date of each minor who has an interest in the proceedings;
(2) the name and address of any guardian appointed for each minor, person with a developmental disability, or incapacitated person;
(3) the name and residence address of any living natural guardians or living natural guardian having legal custody of each minor, person with a developmental disability, or incapacitated person;
(4) a description of the interest in the proceedings of each minor, person with a developmental disability, or incapacitated person; and
(5) the facts showing the necessity for the appointment of a guardian ad litem.
(c) Notice. Within 10 days after appointment, the petitioner shall deliver or mail conformed copies of the petition for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor, person with a developmental disability, or incapacitated person.
(d) Report. The guardian ad litem shall deliver or mail conformed copies of any written report or finding of the guardian ad litems investigation and answer filed in the proceedings, petition for compensation and discharge, and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor, person with a developmental disability, or incapacitated person.
(e)  (g) [No Change]

Committee Notes

Rule History
1977 Revision: Editorial change in (a) limiting application of rule to probate and guardianship proceedings. In (b) the petition for appointment of a guardian need not be verified. Deletion of (g) as being substantive rather than procedural and changing former (h) to new (g). Change in committee note to conform to statutory renumbering.
This rule implements sections 731.303(5), 733.308, and 744.391, Florida Statutes, and includes some of the provisions of prior rule 5.230.
1988 Revision: Editorial changes; captions added to paragraphs. Citation form changes in committee notes.
1992 Revision: Addition of phrase in subdivision (a) to conform to 1992 amendment to section 731.303(5), Florida Statutes. Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2006 Revision: Committee notes revised.
2008 Revision: Subdivisions (a), (b), (c), and (d) amended to include persons with a developmental disability. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.303, Fla. Stat. Representation.
§ 733.308, Fla. Stat. Administrator ad litem.
§ 733.708, Fla. Stat. Compromise.
§ 744.3025, Fla. Stat. Claims of minors.
*589 § 744.3085, Fla. Stat. Guardian advocates.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.391, Fla. Stat. Actions by and against guardian or ward.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.

RULE 5.150. ORDER REQUIRING ACCOUNTING
(a)  (c) [No Change]

Committee Notes
The court on its motion or on petition of an interested person may require a personal representative or guardian to file an accounting or return not otherwise required by statute.

Rule History
1977 Revision: Change in committee notes.
1984 Revision: Extensive editorial changes. Committee notes revised and expanded.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2003 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 38.22, Fla. Stat. Power to punish contempts.
§ 38.23, Fla. Stat. Contempts defined.
§ 393.12(2)(h), Fla. Stat. Capacity; appointment of guardian advocate.
§ 733.5036, Fla. Stat. Accounting and discharge following resignation.
§ 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
§ 733.901, Fla. Stat. Final discharge.
ch. 738, Fla. Stat. Principal and income.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3685, Fla. Stat. Order requiring guardianship report; contempt.
§ 744.369, Fla. Stat. Judicial review of guardianship reports.
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.517, Fla. Stat. Proceedings for contempt.
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.527, Fla. Stat. Final reports and applications for discharge; hearing.

Rule References
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.650 Resignation or disqualification of guardian; appointment of successor.
Fla. Prob. R. 5.660 Proceedings for removal of guardian.
Fla. Prob. R. 5.670 Termination of guardianship on change of domicile of resident ward.
Fla. Prob. R. 5.680 Termination of guardianship.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.
Fla. Prob. R. 5.695 Annual guardianship report.
*590 Fla. Prob. R. 5.696 Annual accounting.
Fla. Prob. R. 5.697 Magistrates review of guardianship accountings and plans.

RULE 5.540. HEARINGS
(a) Application. All hearings under chapter 744 and under section 393.12, Florida Statutes, shall be open unless the alleged incapacitated person, or adjudicated ward, or person alleged to have a developmental disability elects to have the hearing closed.
(b) [No Change]

Committee Notes
This is a new rule permitting permits an alleged incapacitated person, or adjudicated ward, or person alleged to have a developmental disability the election to elect to have all hearings open or closed at any time by oral or written election.

Rule History
1991 Revision: New rule.
1992 Revision: Committee notes revised.
2008 Revision: Subdivision (a) amended to include persons with a developmental disability. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.1095, Fla. Stat. Hearings.
§ 744.3085, Fla. Stat. Guardian advocates.

Rule Reference
Fla. Prob. R. 5.541 Recording of hearings.

RULE 5.541. RECORDING OF HEARINGS
Electronic or stenographic recordings shall be made of all hearings on the:
(a) adjudication of incapacity;
(b) appointment of a guardian;
(c) modification, termination, or revocation of the adjudication of incapacity; or
(d) restoration of capacity; or
(e) restoration of rights.

Committee Notes
This rule represents a rule implementation of the procedure found in sections 744.109 and 744.3031, Florida Statutes. It is not intended to change the effect of the statutes from which it is derived, or to create a new procedure or modify an existing procedure.

Rule History
1991 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
2003 Revision: Committee notes revised.
2008 Revision: New subdivision (e) added for proceedings involving guardian advocates. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.109, Fla. Stat. Records.
§ 744.3031, Fla. Stat. Emergency temporary guardianship.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

RULE 5.590. APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT; FILING
(a)  (d) [No Change]

Committee Notes

Rule History
1988 Revision: Prior rule deleted; text of rule moved to rule 5.650.
1989 Revision: Rule reactivated with different title and text.
*591 1991 Revision: Implements 1989 and 1990 amendments to section 744.3125, Florida Statutes.
1992 Revision: Citation form change in committee notes.
1996 Revision: Adds filing and service provisions consistent with rule 5.560. Corrects reference to corporations qualified to exercise fiduciary powers. Editorial changes. Adds statutory references.
2003 Revision: Committee notes revised.
2006 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.063(17), Fla. Stat. Definitions.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.102(4), (9), (11), (14), (22) Fla. Stat. Definitions.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.3125, Fla. Stat. Application for appointment.
§ 744.331(1), Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

RULE 5.600. OATH
Every guardian or emergency temporary guardian shall take an oath to perform faithfully the duties of guardian or emergency temporary guardian before exercising such authority. The oath may be incorporated in the petition for appointment of guardian, or petition for appointment of emergency temporary guardian, if verified by the prospective guardian.

Committee Notes

Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering. Rule permits oath of guardian to be incorporated in petition for appointment and in designation of resident agent.
1984 Revision: Editorial change and deletes genders.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Permits oath to be incorporated in application for appointment of guardian, adds reference to temporary emergency guardian, and makes editorial change.
1992 Revision: Editorial changes.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.347, Fla. Stat. Oath of guardian.

RULE 5.610. EXECUTION BY GUARDIAN
The guardian shall sign the:
(a)  (h) [No change.]

Committee Notes

Rule History
1975 Revision: Rule lists what guardian shall sign and includes any petition for court approval required by section 744.441, Florida Statutes. The rule requires that the guardian have actual knowledge of the more important steps and acts of administration.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in rule and committee notes.
*592 1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 and 1990 revisions to guardianship law. Adds additional documents to be signed by the guardian. Statutory references added.
2003 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.387, Fla. Stat. Settlement of claims.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.446, Fla. Stat. Conflicts of interest; prohibited activities; court approval; breach of fiduciary duty.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.451, Fla. Stat. Order.
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of residentward.
§ 744.527(1), Fla. Stat. Final reports and application for discharge; hearing.
§ 744.534, Fla. Stat. Disposition of unclaimed funds held by guardian.

RULE 5.620. INVENTORY
(a)  (d)[No Change]
(e) Guardian Advocates. This rule shall apply to a guardian advocate to the extent that the guardian advocate was granted authority over the property of the person with a developmental disability.

Committee Notes

Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Change to require inventory to be filed within 60 days after issuance of letters, rather than after appointment. Committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Former rule 5.620(b) has been deleted as partly substantive and addressed in section 744.381, Florida Statutes, and the procedural part is unnecessary.
The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment. The committee believes this provision, which attempts to regulate when a paper must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering *593 the guardian to act contemporaneously with the appointment. Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.
1992 Revision: Citation form changes in committee notes.
2005 Revision: Editorial changes in (d).
2007 Revision: Committee notes revised.
2008 Revision: Adds reference to guardian advocate in new (e). Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.3701, Fla. Stat. Inspection of report.
§ 744.381, Fla. Stat. Appraisals.
§ 744.384, Fla. Stat. Subsequently discovered or acquired property.

Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.690 Initial guardianship report.
Fla. Prob. R. 5.700 Objection to guardianship reports.

RULE 5.625. NOTICE OF COMPLETION OF GUARDIAN EDUCATION REQUIREMENTS
(a) Filing. Unless the guardian education requirement is waived by the court, each guardian, other than a professional guardian, shall file with the court within 4 months after the issuance of letters of guardianship or letters of guardian advocacy a notice of completion of guardian education requirements.
(b)  (c) [No Change]

Committee Notes

Rule History
2005 Revision: New rule.
2006 Revision: Subdivision (a) amended to conform to 2006 amendment to section 744.3145(4), Florida Statutes.
2008 Revision: Adds reference in (a) to guardian advocacy. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.3145, Fla. Stat. Guardian education requirements.

RULE 5.630. PETITION FOR APPROVAL OF ACTS
(a)  (c) [No Change]

Committee Notes

Rule History
1975 Revision: Substantially the same as sections 744.503, 744.447, and 744.451, Florida Statutes, with editorial changes.
1977 Revision: Change in statutory reference in rule and in committee note to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.447(2), Florida Statutes.
*594 1988 Revision: Editorial changes; captions added to subdivisions. Committee notes revised. Citation form changes in rule and committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Changes to conform to 1989 revised guardianship law.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2006 Revision: New (a)(6) added to incorporate 2006 amendment to section 744.441, Florida Statutes. New (c)(3) added to reflect passage of 2006 amendment to section 737.2065, Florida Statutes. Committee notes revised.
2007 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 736.0207, Fla. Stat. Trust contests.
§ 744.3215, Fla. Stat. Rights of persons determined incapacitated.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.451, Fla. Stat. Order.

Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.636 Settlement of minors claims.
Fla. Prob. R. 5.649 Guardian advocate.

RULE 5.635. PETITION FOR EXTRAORDINARY AUTHORITY
(a)  (c) [No Change]

Committee Notes

Rule History
1991 Revision: New rule.
1992 Revision: Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.3215(4), Fla. Stat. Rights of persons determined incapacitated.
§ 744.3725, Fla. Stat. Procedure for extraordinary authority.

RULE 5.640. CONTINUANCE OF UNINCORPORATED BUSINESS OR VENTURE OF WARD
(a) Continuance of Business. When the ward is adjudicated incapacitated while engaged in any unincorporated business or venture, or the court finds that a person with a developmental disability lacks capacity to manage an unincorporated business or venture, the court may authorize the guardian to continue the business or venture for a reasonable time under the supervision of the court.
(b)  (e) [No Change]

Committee Notes

Rule History
1975 Revision: Implements section 744.441(16), Florida Statutes. The rule is patterned after rule 5.350 pertaining to the continuation of a business of a decedent by a personal representative.
*595 1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Change in title of rule; captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Editorial changes in (a), (b), and (e).
1992 Revision: Citation form changes in committee notes.
2008 Revision: Subdivision (a) amended to include persons with a developmental disability. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.441(13), Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.

Rule Reference
Fla. Prob. R. 5.350 Continuance of unincorporated business or venture.

RULE 5.646. STANDBY GUARDIANS
(a)  (c) [No Change]

Committee Notes
The standby guardian must file an oath pursuant to rule 5.600 before commencing the exercise of authority as guardian. Prior to appointment, the standby guardian must file an application pursuant to rule 5.590.
Section 393.12(10), Florida Statutes, provides that a guardian advocate shall have all of the duties, responsibilities, and powers of a guardian under Chapter 744, Florida Statutes. However, section 744.304 authorizes the appointment of a standby guardian only for a minor or incapacitated person.

Rule History
2006 Revision: New rule.
2008 Revision: Committee notes revised.

Statutory Reference
§ 744.304, Fla. Stat. Standby guardianship.

Rule References
Fla. Prob. R. 5.590 Application for appointment as guardian; disclosure statement; filing.
Fla. Prob. R. 5.600 Oath.

RULE 5.647. SURROGATE GUARDIAN
(a)  (d) [No Change]

Committee Notes

Rule History
2006 Revision: New rule.
2008 Revision. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.442, Fla. Stat. Delegation of authority.

RULE 5.649. GUARDIAN ADVOCATE
(a) Petition for Appointment of Guardian Advocate. A petition to appoint a guardian advocate for a person with a developmental disability may be executed by an adult person who is a resident of this state. The petition must be verified by the petitioner and must state:
(1) the name, age, and present address of the petitioner and the petitioner's relationship to the person with a developmental disability;
*596 (2) the name, age, county of residence, and present address of the person with a developmental disability;
(3) that the petitioner believes that the person needs a guardian advocate and the factual information on which such belief is based;
(4) the exact areas in which the person lacks the ability to make informed decisions about the person's care and treatment services or to meet the essential requirements for the person's physical health or safety;
(5) the legal disabilities to which the person is subject;
(6) the name of the proposed guardian advocate, the relationship of that person to the person with a developmental disability, the relationship of the proposed guardian advocate with the providers of health care services, residential services, or other services to the person with developmental disabilities, and the reason why this person should be appointed. If a willing and qualified guardian advocate cannot be located, the petition shall so state; and
(7) whether the petitioner has knowledge, information, or belief that the person with a developmental disability has executed an advance directive under chapter 765, Florida Statutes, or a durable power of attorney under chapter 709, Florida Statutes.

(b) Notice.
(1) Notice of the filing of the petition must be given to the person with a developmental disability, both verbally and in writing, in the language of the person and in English. Notice must also be given to the person with a developmental disability's next of kin, any designated health care surrogate, an attorney-in-fact designated in a durable power of attorney, and such other persons as the court may direct. A copy of the petition to appoint a guardian advocate must be served with the notice.
(2) The notice must state that a hearing will be held to inquire into the capacity of the person with a developmental disability to exercise the rights enumerated in the petition. The notice must also state the date of the hearing on the petition.
(3) The notice must state that the person with a developmental disability has the right to be represented by counsel of the person's own choice and that if the person cannot afford an attorney, the court shall appoint one.
(c) Counsel. Within 3 days after a petition has been filed, the court shall appoint an attorney to represent a person with a developmental disability who is the subject of a petition to appoint a guardian advocate. The person with a developmental disability may substitute his or her own attorney for the attorney appointed by the court.
(d) Order. If the court finds the person with a developmental disability requires the appointment of a guardian advocate, the order appointing the guardian advocate shall contain findings of facts and conclusions of law, including:
(1) the nature and scope of the person's inability to make decisions;
(2) the exact areas in which the individual lacks ability to make informed decisions about care and treatment services or to meet the essential requirements for the individual's physical health and safety;
(3) if the person has executed an advance directive or durable power of attorney, a determination as to whether the documents sufficiently address the needs of the person and a finding that the advance directive or durable power of attorney does not provide an alternative to the appointment of a guardian advocate that *597 sufficiently addresses the needs of the person with a developmental disability;
(4) if a durable power of attorney exists, the powers of the attorney-in-fact, if any, that are suspended and granted to the guardian advocate;
(5) if an advance directive exists and the court determines that the appointment of a guardian advocate is necessary, the authority, if any, the guardian advocate shall exercise over the health care surrogate;
(6) the specific legal disabilities to which the person with a developmental disability is subject;
(7) the name of the person selected as guardian advocate; and
(8) the powers, duties, and responsibilities of the guardian advocate, including bonding of the guardian advocate as provided by law.

Committee Notes

Rule History
2008 Revision: New rule.

Statutory References
§ 393.063(9), Fla. Stat. Definitions.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 709.08, Fla. Stat. Durable power of attorney.
§ 765.101, Fla. Stat. Definitions.
§ 765.104, Fla. Stat. Amendment or revocation.
§ 765.202, Fla. Stat. Designation of a health care surrogate.
§ 765.204, Fla. Stat. Capacity of principal; procedure.
§ 765.205(3), Fla. Stat. Responsibility of the surrogate.
§ 765.302, Fla. Stat. Procedure for making a living will; notice to physician.
§ 765.401, Fla. Stat. The proxy.

Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.540 Hearings.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

RULE 5.650. RESIGNATION OR DISQUALIFICATION OF GUARDIAN; APPOINTMENT OF SUCCESSOR
(a)  (j) [No Change]
(k) Guardian Advocates. This rule shall apply to guardian advocates, except that a final report shall be required of a guardian advocate only if the guardian advocates authority included the management of the property of the person with a developmental disability.

Committee Notes

Rule History
1975 Revision: Substantially the same as sections 744.467 and 744.471, Florida Statutes, with editorial changes.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Editorial changes in (a). Text of rule 5.590 inserted in (b). Editorial change in (c). Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for termination of guardianship under rules 5.670 and 5.680. Subdivision (k) transferred from temporary emergency rule 5.800.
*598 1992 Revision: Committee notes revised. Citation form changes in committee notes.
2007 Revision: Subdivision (i) deleted because right of waiver is substantive. Subsequent subdivisions relettered.
2008 Revision: Subdivision (k) added to include guardian advocates. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.102(11), Fla. Stat. Definitions.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.467, Fla. Stat. Resignation of guardian.
§ 744.471, Fla. Stat. Appointment of successor.

Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.649 Guardian advocate.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

RULE 5.660. PROCEEDINGS FOR REMOVAL OF GUARDIAN
(a)  (d) [No Change]
(e) Guardian Advocates. Subdivisions (b) through (d) of this rule shall apply to guardian advocates only to the extent that the guardian advocate was granted authority over the property of the person with a developmental disability.

Committee Notes

Rule History
1977 Revision: No change in rule. Change in committee notes to conform to statutory renumbering.
1980 Revision: Subdivision (a) amended to specifically authorize any guardian or next of kin to file the petition and to require formal notice in conformity with rule 5.630(b).
1984 Revision: Subdivision (b) amended to conform to statute. Editorial changes and Committee notes revised.
1988 Revision: Subdivision (a) rewritten for clarity. Language in (b) deleted as surplusage. Editorial change in caption of (c). Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Subdivision (a) amended to require that the petition allege specific reasons why the guardian should be removed and to require service of the petition on the ward. Otherwise, editorial changes in all subdivisions.
1992 Revision: Citation form changes in committee notes.
2006 Revision: Requirement in (b) to serve minors deleted to conform to 2006 amendment to section 744.511, Florida Statutes.
2008 Revision: Subdivision (e) added to include guardian advocates. Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.474, Fla. Stat. Reasons for removal of guardian.
*599 § 744.477, Fla. Stat. Proceedings for removal of a guardian.
§ 744.511, Fla. Stat. Accounting upon removal.
§ 744.514, Fla. Stat. Surrender of property upon removal.
§ 744.517, Fla. Stat. Proceedings for contempt.

Rule References
Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041(b) Service of pleadings and papers.
Fla. Prob. R. 5.649 Guardian advocate.

RULE 5.670. TERMINATION OF GUARDIANSHIP ON CHANGE OF DOMICILE OF RESIDENT WARD
(a)  (h) [No Change]

Committee Notes

Rule History
1977 Revision: Change in committee notes to conform to statutory renumbering.
1984 Revision: Adds 30-day requirement for filing objections. Editorial changes and Committee notes revised.
1988 Revision: Editorial change in (c). First and last sentences of (d) deleted and clarifying word added.
1989 Revision: Prior rule adopted as temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of guardian under rule 5.680 and to conform to section 744.524, Florida Statutes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
2007 Revision: Subdivision (i) deleted because right of waiver is substantive. Committee notes revised.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.102(8), (9), Fla. Stat. Definitions.
§ 744.201, Fla. Stat. Domicile of ward.
§ 744.202, Fla. Stat. Venue.
§ 744.2025, Fla. Stat. Change of wards residence.
§ 744.524, Fla. Stat. Termination of guardianship on change of domicile of resident ward.
§ 744.531, Fla. Stat. Order of discharge.

Rule References
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.680 Termination of guardianship.

RULE 5.680. TERMINATION OF GUARDIANSHIP
(a) Petition for Discharge. When the ward has become sui juris, has terminated a voluntary guardianship, has been restored to capacity, has had all rights restored, or has died, or when the guardian has been unable to locate the ward after diligent search, or, for a guardian of the property, when the property subject to the guardianship has been exhausted, the guardian shall file a petition for discharge. A guardian of the person is discharged without further proceeding upon filing a certified copy of the wards death certificate.
(b)  (g) [No Change]

*600 Committee Notes

Rule History
1975 Revision: Implements sections 744.527 and 744.531, Florida Statutes, and also requires the guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of personal representatives under rules 5.400 and 5.401.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial changes to clarify that all anticipated costs and fees should be shown on final report and thereafter paid prior to transfer of assets and discharge of guardian.
2003 Revision: Subdivision (a) amended to reflect addition of rule 5.552 dealing with voluntary guardianship of property. Committee notes revised.
2006 Revision: Subdivision (c) amended to conform to 2006 amendments to section 744.527, Florida Statutes. Subdivision (h) deleted as unnecessary because substantive right of waiver is provided by section 731.302, Florida Statutes.
2008 Revision: Reference to restoration of rights added in subdivision (a). Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.521, Fla. Stat. Termination of guardianship.
§ 744.527, Fla. Stat. Final reports and application for discharge; hearing.
§ 744.528, Fla. Stat. Discharge of guardian named as personal representative.
§ 744.531, Fla. Stat. Order of discharge.
§ 744.534, Fla. Stat. Disposition of unclaimed funds held by guardian.

Rule References
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.552 Voluntary guardianship of property.
Fla. Prob. R. 5.610 Execution by guardian.
Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

RULE 5.681. RESTORATION OF RIGHTS OF PERSON WITH DEVELOPMENTAL DISABILITY
(a) Contents of Petition. A petition for restoration of rights of a person with a developmental disability shall contain:
(1) facts that support the suggestion that restoration is feasible and would not pose a detriment to the health or welfare of the ward; and
(2) a statement that the person with a developmental disability is capable of exercising some or all of the rights that were granted to the guardian advocate.
(b) Counsel. Within 3 days after filing the petition, counsel shall be appointed for the person for whom a guardian advocate has been appointed as provided by law.
*601 (c) Notice. Upon the appointment of counsel, the clerk shall immediately send notice of the filing of the petition, together with a copy of the petition, to the person for whom a guardian advocate was appointed, the person's guardian advocate, the person's attorney, and any other interested person as directed by the court. The notice must contain a statement that all objections to the petition must be filed within 20 days after service of the notice. Formal notice shall be served on the guardian advocate. Informal notice may be served on the other persons. The clerk shall file proof of service. Notice need not be served on the petitioner.
(d) Objections. Any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based. The objector shall serve a copy of the objection on the person with the developmental disability, the person's attorney, the person's guardian advocate, and any other interested persons as directed by the court.
(e) Order.
(1) With Hearing. The court shall enter an order denying the petition or restoring all or some of the rights that were granted to the guardian advocate. If only some rights are restored to the person with a developmental disability, the order must state which rights are restored and amend the letters of guardian advocacy accordingly.
(2) Without Hearing. If the petitioner has attached evidence supporting the petition and if no objection is filed, the court may restore all or some of the person's rights that were granted to a guardian advocate.
(f) Amended Plan. Within 60 days after the order restoring rights is entered, the guardian advocate shall file an amended plan. A copy of the amended plan and accounting shall be served on the person with a developmental disability and the person's attorney.

Committee Notes

Rule History
2008 Revision: New rule.

Statutory References
§ 393.063(9), Fla. Stat. Definitions.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 709.08, Fla. Stat. Durable power of attorney.
§ 765.101, Fla. Stat. Definitions.
§ 765.104, Fla. Stat. Amendment or revocation.
§ 765.202, Fla. Stat. Designation of a health care surrogate.
§ 765.204, Fla. Stat. Capacity of principal; procedure.
§ 765.205(3), Fla. Stat. Responsibility of the surrogate.
§ 765.302, Fla. Stat. Procedure for making a living will; notice to physician.
§ 765.401, Fla. Stat. The proxy.

Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.540 Hearings.
Fla. Prob. R. 5.541 Recording of hearings.
Fla. Prob. R. 5.680 Termination of guardianship.

RULE 5.700. OBJECTION TO GUARDIANSHIP REPORTS
(a)(c) [No Change]

*602 Committee Notes

Rule History
1975 Revision: Substantially the same as section 744.427(3), (5), and (6), Florida Statutes, with editorial changes.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form change in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Revised to conform with new statutory requirements.
1992 Revision: Citation form changes in committee notes.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.

Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.041 Service of pleadings and papers.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.610 Execution by guardian.

RULE 5.705. PETITION FOR INTERIM JUDICIAL REVIEW
(a)(d) [No Change]

Committee Notes

Rule History
1991 Revision: New rule.
2000 Revision: Subdivision (d) added to permit expedited proceedings.
2008 Revision: Committee notes revised.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.3715, Fla. Stat. Petition for interim judicial review.

RULE 5.720. COURT MONITOR
(a)(c) [No Change]
(d) Protection of Ward. If it appears from the monitor's report that further action by the court to protect the interests of the ward is necessary, the court shall, after a hearing with notice, enter any order necessary to protect the ward or the ward's estate property, including amending the plan, requiring an accounting, ordering production of assets, or initiating proceedings to remove a guardian. Notice of the hearing shall be served on the guardian, the ward, and such other persons as the court may determine.

Committee Notes
This rule applies to the non-emergency appointment of court monitors.

Rule History
2006 Revision: New rule.
2008 Revision: Editorial change in (d). Committee notes revised.

*603 Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.107, Fla. Stat. Court monitors.
§ 744.3701, Fla. Stat. Inspection of report.

RULE 5.725. EMERGENCY COURT MONITOR
(a)(f) [No Change]

Committee Notes

Rule History
2006 Revision: New rule.
2008 Revision: Committee notes revised.

Statutory references
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.1075, Fla. Stat. Emergency court monitor.

RULE 5.900. EXPEDITED JUDICIAL INTERVENTION CONCERNING MEDICAL TREATMENT PROCEDURES
(a)(d) [No Change]

Committee Notes
This rule was submitted by the committee in response to the request contained in footnote 17 of In re Guardianship of Browning, 568 So.2d 4 (Fla.1990). See also Cruzan by Cruzan v. Director, Missouri Department of Health, 497 U.S. 261, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990).
The promulgation of this rule is not intended to imply that judicial intervention is required to terminate life-prolonging procedures.
Practitioners should note that the criteria and standards of proof contained in Browning differ from the criteria and standards of proof presently existing in chapter 765, Florida Statutes.

Rule History
1991 Revision: New rule.
1992 Revision: This rule was created on an emergency basis and on further review, the committee decided it needed to clarify that the petition should include an allegation that the patient lacks capacity to make the requisite medical treatment decision, and that the patient should receive notice of the petition and hearing. Committee notes revised. Citation form changes in committee notes.
2008 Revision: Committee notes revised.

Constitutional Reference
Art. I, § 23, Fla. Const.

Statutory References
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 709.08, Fla. Stat. Durable power of attorney.
§ 731.302, Fla. Stat. Waiver and consent by interested person.
§ 744.102, Fla. Stat. Definitions.
§ 744.104, Fla. Stat. Verification of documents.
§ 744.3115, Fla. Stat. Advance directives for health care.
ch. 765, Fla. Stat. Health care advance directives.

Rule References
Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
NOTES
[1] An original and nine paper copies of all comments must be filed with the Court on or before September 8, 2008, with a certificate of service verifying that a copy has been served on the committee chair, Frank T. Pilotte, 340 Royal Palm Way, Suite 100, Palm Beach, FL XXXXX-XXXX, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until September 29, 2008, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).